**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**MATTHEW TRIPLETT,**

    Plaintiff,

v.                                                 **CIVIL ACTION NO. 2:13-CV-13
(BAILEY)**

**WILLIAM M. FOX, Warden, St. Mary's
Correctional Center; VICKY GHEEN,
Administrator, Wexford Health;** and
**DR. PAUL GREGORY MODIE, JR.,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 69]. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on November 25, 2013 [Doc. 69]. In that filing, the magistrate judge recommends that this Court dismiss the plaintiff's Complaint pursuant to 28 U.S.C. § 1915A for the failure to state a claim for which relief may be granted.

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The plaintiff timely filed his Objections [Doc. 71] on December 9, 2013. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the plaintiff objects. The remainder of the R&R will be reviewed for clear error.

III.   Factual and Procedural History

The plaintiff, an inmate, filed his *pro se* Complaint on February 12, 2013, wherein he raises medical malpractice claims and an implied Eighth Amendment deliberate indifference to serious medical needs claim. Plaintiff alleges the defendants provided negligent medical care relating to his softball-sized testicle.

In defendant Dr. Modie's Motion to Dismiss, he asserts that the plaintiff has failed to state sufficient facts to demonstrate an Eighth Amendment claim of deliberate indifference, and the Complaint should be dismissed.

IV.   Motion to Dismiss Standard

A complaint must be dismissed if it does not allege "'enough facts to state a claim

to relief that is *plausible* on its face.'" **Bell Atl. Corp. v. Twombly**, 127 S.Ct. 1955, 1974 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro,** 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke,** 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

V.      Analysis

     **A.**     **Plaintiff's Deliberate Indifference Claim**

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. . . . "[D]eliberate indifference entails something more than mere negligence," **Farmer v. Brennan**, 511 U.S. 825, 835 (1994), but indifference can be manifested by prison doctors intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. **Estelle v.**

3

***Gamble***, 429 U.S. 97, 104 (1976).

The Fourth Circuit has held, albeit in an unpublished opinion, that where prison officials are aware of a serious medical need and delay treatment, the plaintiff's allegations are sufficient enough to satisfy the objective component of a deliberate indifference suit. *See* ***Clinkscales v. Pamlico Corr. Facility***, 238 F.3d 411 (4th Cir. 2000) (inmate sufficiently alleged deliberate indifference as a result of defendant's nine-month delay in providing a necessary surgery) (citing ***Monmouth County Corr. Inst. Inmates v. Lanzaro***, 834 F.2d 326, 346-47 (3d Cir. 1987) (prison officials may not interminably delay medical treatment or deny treatment based on arbitrary and burdensome procedures).

Further, to state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. ***Estelle***, 429 U.S. at 104-05. To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." ***Wilson v. Seiter***, 501 U.S. 294, 298 (1991).

A "serious medical condition" is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. ***Gaudreault v. Municipality of Salem, Mass.***, 923 F.2d 203, 208 (1st Cir.), *cert. denied*, 500 U.S. 956 (1991).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. ***Wilson***, 501 U.S. at 303.

4

A finding of deliberate indifference requires more than a showing of negligence. *Farmer v. Brennan*, 511 U.S. at 835. A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." *Id*. at 844. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See *Morales Feliciano v. Calderon Serra*, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003)).

In this case, the plaintiff admits that he was seen at sick call each time he made a

request.  Furthermore, he was given treatment for a hydrocele,[1] in the form of monitoring, supportive care and observation; needle aspiration(s) when indicated; emergency treatment at a hospital; testicular ultrasounds; prompt treatment with antibiotics when necessary; ice applications; elevation of his scrotum to reduce the swelling; pain medications; an outside referral to a urologist; and ultimately, although only recommended, the plaintiff was timely provided a hydrocelectomy, a surgical repair, permanently eliminating the recurrent problem.

The plaintiff also contends that Dr. Modie "caused" his swollen painful testicle.  This assertion, however, completely overlooks the fact that Dr. Modie was performing the needle aspiration because the testicle was already swollen and painful, likely as a result of plaintiff's underlying medical problem.  In effect, Dr. Modie was providing the plaintiff the very medical treatment he needed.

In his Objections, the plaintiff appears to argue that he believes "he was allowed to suffer for a long period of time." [Doc. 71 at 2].  Simply put, the plaintiff believes he should have received the hydrocelectomy sooner.  Therefore, he concludes that "Dr. Modie was deliberately indifferent to the proper investigation of a possible serious testicular medical problem [and] this being done so as to be cost efficient to profits of the vender . . . ." (Id. at 1).

However, so long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.  *See*

---

[1] A hydrocele is a painless buidup of watery fluid around one or both testicles that causes the scrotum to swell.  This swelling is usually not painful or dangerous.  See webmd.com.

*Chance v. Armstrong*, 143 F.3d 698, 703 (citing *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) and *Estelle*, 429 U.S. at 106. "The constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves . . .." "[T]he essential test is one of medical necessity and not simply of desirability." *Dean*, 804 F.2d at 215 (citations omitted) (alterations in original). "[A]lthough it is plain that an inmate deserves adequate medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy."), *United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987)(emphasis in original). Moreover, the medical care required by *Estelle* need not be the best possible care, it only has to be "reasonable" care. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977); *see also Blanks v. Cunningham*, 409 F.2d 220 (4th Cir. 1969); *Edwards v. Duncan*, 355 F.2d 993 (4th Cir. 1966). The plaintiff has offered no evidence, however, that earlier removal of the hydrocele was necessary, or that there existed any risk in not performing the surgery earlier than they did. Accordingly, the plaintiff's Objection is **OVERRULED**.

**B.    The Supervisory Defendants**

The plaintiff has also asserted official capacity claims against Warden Fox and Vicky Gheen. Plaintiff claims that Gheen allegedly denied him treatment "as acting head of the medical facility." Claims against Fox assert that he denied the plaintiff's grievance as "Warden of [the] facility." The plaintiff's Objection states that "none of the defendants . . . is immune from actions, when they overstep their authority and ignore their sworn duty to perform such as decent treatment in a human manner . . .." [Doc. 71 at 2].

In *Miltier v. Beorn*, 896 F.2d at 854, the Fourth Circuit recognized, however, that

7

supervisory defendants may be liable in a *Bivens* action if the plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Id*. However, the plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. *Id*. Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. *Id*. In reviewing claims of medical care, supervisors are entitled to rely on the judgment of the medical staff as to the course of treatment prescribed. *Id*.

Here, the plaintiff has failed to provide any evidence that either Gheen or Fox tacitly authorized or was indifferent to an alleged violation of his constitutional rights, let alone that his constitutional rights were violated at all. Instead, it appears that Fox simply failed to grant the plaintiff relief he sought during the administrative remedy process. However, an administrator's participation in the administrative remedy process is not the type of personal involvement required to state a claim under § 1983. *See* ***Paige v. Kupec***, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

Plaintiff's allegations against Gheen as the acting head of Wexford at SMCC, for

8

denying him medical care have already proven to be without support. Further, in order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. *Id*. (citing *Monell*, 436 U.S. at 694). In this case, the plaintiff simply fails to assert that a policy or custom of the entity played a part in the alleged violation of his constitutional rights. Accordingly, the plaintiff's Objection is **OVERRULED**.

VI.  Conclusion

Upon careful review of the above, this Court is of the opinion that the magistrate judge's Report and Recommendation **[Doc. 69]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Additionally, the petitioner's Objections to the R&R **[Doc. 71]** are **OVERRULED**.[2] Therefore, defendant Modie's Motion to Dismiss **[Doc. 30]** is **GRANTED** and the plaintiff's claims against the defendants are hereby **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A for the failure to state a claim for which relief may be granted. In light of these rulings, the plaintiff's Motion to Amend the Complaint **[Doc. 54]**, Motion for Correction of Original Submission **[Doc. 41]**, Motion to Inform the Court of Existing Documentation in Support of Plaintiff's Case **[Doc. 48]**, Motion for Status Hearing **[Doc. 57]**, and Motion to Compel the Court **[Doc. 67]** are all hereby **DENIED AS MOOT**. As a final matter, the Clerk is **DIRECTED** to enter a separate judgment in favor of the defendants.

As a final matter, upon an independent review of the record, this Court hereby

---

[2] Plaintiff also objects to the requirement that he provide updated addresses for defendants who have not yet been served in this matter. Plaintiff cites to a Texas Revised Civil Statute in support. Because this Court finds the Complaint fails to state a claim as to any of the defendants, this Objection is **MOOT**.

9

**DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED:** January 6, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE